ORIGINAL

JOHN HARRIS PAER, ESQ.   #1551
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

CHRISTIAN P. PORTER, ESQ.   #3744
BROOKS TOM PORTER & QUITIQUIT, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone:  (808) 526-3011
Facsimile:  (808) 523-1171
email: cporter@btpqlaw.com

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
AUG 18 2008
at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VICTORIA BORDIGNON, | CIVIL NO. CV08-00372 SOM BMK |
| Plaintiff, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; EXHIBITS "A - C"; SUMMONS; |
| vs. | |
| AMERICAN HOME MORTGAGE CORPORATION and APPROVED MORTGAGE, INC., | |
| Defendants. | |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiff, by and through her undersigned attorneys, and alleges as follows:

INTRODUCTION

1.  This Complaint is filed and these proceedings are instituted under the "Truth in Lending Act" 15 U.S.C. Section 1601, et seq., to rescind, recover actual and statutory damages,

reasonable attorney's fees and costs of suit by reason of the Defendants' violations of that Act and the Regulations adopted pursuant thereto published at 12 C.F.R. § 226, commonly known as Regulation Z. Plaintiff seeks actual and statutory damages arising out of Defendants' misrepresentations and improper disclosures.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1640(e) and 28 U.S.C.A. Sections 1331, 1332 and 1337. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapter 480 of the Hawaii Revised Statutes. This Court has jurisdiction of the state claims because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

## PARTIES

3. Plaintiff is a natural person and is a resident of the State of Hawaii.

4. Defendant American Home Mortgage Corporation (hereinafter "Home") is a foreign corporation doing business in the State of Hawaii and is subject to the jurisdiction of this Court.

5. Approved Mortgage, Inc. (hereinafter "Approved") is a Hawaii corporation doing business in the State of Hawaii and is subject to the jurisdiction of this Court.

6. Brett Adair was a dual agent for both Plaintiff and both Defendants at all relevant times herein.

## FACTS

7. Within the year prior to the filing of this action, Home regularly extended credit to its consumer customers for which a finance charge was imposed and/or accepted assignment of such consumer debt.

8. At all times relevant herein, Approved acted as the mortgage broker for Plaintiff's mortgage loan and supervised Brett Adair in this transaction.

9. Neither Defendant showed a Good Faith Estimate to Plaintiff until the date of signing of the final documents; that is, June 16, 2006.

10. The terms of the good faith estimate as set forth on the day of closing were different from the terms of the loan as set forth on the Final HUD-1 Settlement statement, and both were different from what was promised to Plaintiff orally.

11. As a result, Plaintiff was deceived and received a loan on less advantageous terms than she expected.

12. Plaintiff protested at that time, but the loan officer told Plaintiff that she had to sign or she would not get the loan.

13. At that point, Plaintiff felt she had no choice and signed the loan documents.

14. Defendants charged Plaintiff a yield spread premium of $4256.00, which was paid outside of closing.

15. The yield spread premium was a fee paid by Plaintiff for receiving a higher rate of interest than she would otherwise have qualified for.

16. None of the closing documents were signed before a notary public.

17. A true copy of the Notice of Right to Cancel given to Plaintiff in connection with the above transaction is attached hereto as Exhibit "A".

18. A true copy of the Truth in Lending Disclosure Statement given to Plaintiff in connection with the above transaction is attached hereto as Exhibit "B".

19. A true copy of the Good Faith Estimate signed by Plaintiff in connection with the above transaction is attached hereto as Exhibit "C".

20. The above debt was incurred primarily for personal, family, or household purposes.

21. The above indebtedness was secured by a mortgage on Plaintiffs' principal residence.

22. Upon information and belief, Defendant Home is the present owner and holder of the above described note and mortgage.

23. On July 3, 2008, Plaintiff, through her counsel, via certified mail, sent a letter to Defendant Home which stated that Plaintiff was rescinding the above described loan.

24. Home received that letter on July 11, 2008, but has failed to respond to that letter and has failed to take any steps to rescind the above described loan.

25. Plaintiff again hereby rescinds the above-described loan, and all other transactions they had or have with each Defendant.

26. Plaintiff will be irretrievably harmed if Defendants refuse to rescind the loan and proceed with collection of the loan and/or foreclosure upon her home.

## COUNT I - Truth in Lending

27. Plaintiff realleges and incorporates paragraphs 1 through 26 of this Complaint.

28. Defendant Home has violated the Truth in Lending Act by failing to properly disclose, and/or by disclosing in a misleading and confusing manner:

    (a) the Annual Percentage Rate,

    (b) the Finance Charge,

    (c) the Amount Financed,

    (d) the Total of Payments and Payment Schedule,

    (e) the Security Interest,

    (f) the Notice of Right To Rescind, and

    (g) by failing to honor Plaintiffs' rescission request to rescind the loan transaction.

29. Plaintiff has suffered serious personal as well as pecuniary injury and emotional harm as a result of Defendant Home's actions as described above.

## COUNT II - Unfair and Deceptive Acts

30. Plaintiff realleges and incorporates paragraphs 1 through 29 of this Complaint.

31. All Defendants have violated Chapter 480 of the Hawaii Revised Statutes as alleged above.

32. Defendant Home's violations of the Truth in Lending Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

33. The false representations as to the terms of the loan, the failure to give documents timely, the charges and disclosure of those charges and terms in connection with the above-described extension of credit were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, in violation of H.R.S. Chapter 480. All defendants are responsible for these violations.

34. All Defendants' failure to give to Plaintiff a proper Notice of Right to Cancel and their failure to give Plaintiff timely a good faith estimate is unfair and deceptive, in violation of H.R.S. Chapter 480.

35. Defendant Home's refusal to honor Plaintiff's demand for rescission is unfair and deceptive, and is a separate violation of HRS §480-2.

36. As a result, Plaintiff has suffered injury to her property in an amount to be proved at trial, and is entitled to, among other things, rescission, treble damages, interest and attorneys' fees and costs.

## COUNT III - Unconscionability

37. Plaintiff realleges and incorporates paragraphs 1 through 36 of this Complaint.

38. Defendants have engaged in unconscionable behavior and acts to the detriment of Plaintiff, including but not limited to obtaining mortgages under false pretenses and by charging Plaintiff inflated and unnecessary charges.

## COUNT IV - Fiduciary Duty

39. Plaintiff re-alleges the allegations of paragraphs 1 through 38 of this Complaint.

40. At all times relevant herein, each Defendant owed Plaintiff a fiduciary duty with regard to the instant mortgage loan.

41. Each Defendant breached its, his or her fiduciary duty owed to Plaintiff as described above.

42. Plaintiff has been damaged thereby in an amount to be proved at trial.

WHEREFORE, Plaintiff prays that the Court:

<u>AS TO COUNT I</u>

1. Award Plaintiff her actual damages as will be proved at trial along with $2000.00 statutory damages;

2. Enjoin Defendants from taking any action in furtherance of pursuing, by collection, foreclosure or otherwise, their security interest in the subject property;

3. Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and order Defendants immediately to return to Plaintiff all finance charges paid pursuant to that credit transaction, and direct that Plaintiff has no further obligation of payment to Defendants, their servicer or their agents.

4. Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

5. Order Defendants to delete any adverse information regarding Plaintiff that they have reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

## AS TO COUNT II

6. Award Plaintiff damages in the amount of three times the injury to her property, but not less than $1,000.00.

7. Declare the above transaction null and void.

8. Award rescission of the transaction, rescission of all security interests relating to Plaintiff's property, and direct that Plaintiff has no further obligation of payment to Defendants.

9. Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

10. Order Defendants to delete any adverse information regarding Plaintiff that they have reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

## AS TO COUNT III

11. Award Plaintiff damages for property injury;

12. Award Plaintiff damages in the amount of the injury to her person, both physical and emotional;

13. Award Plaintiff exemplary damages.

## AS TO COUNT IV

14. Award Plaintiff damages as will be proved at trail.

15. Award Plaintiff exemplary damages.

AS TO ALL COUNTS

16. Declare Defendants' security interest in the subject property void, and enjoin Defendants from taking any action towards collection of the loan and/or foreclosure of their security interest in the subject property;

17. Award Plaintiff her attorneys' fees and costs of Court.

18. Award Plaintiff such other and further relief as the Court deems just and equitable.

DATED: Honolulu, Hawaii, August 18, 2008.

_____
JOHN HARRIS PAER
CHRISTIAN P. PORTER
Attorneys for Plaintiff